1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

TYRONE WALLACE,
CDCR #P-48941,

12

13                                   Plaintiff,

14              vs.

15

16   R. OLIVARRIA; B. SELF; R.
     ARMENDARIZ; J. McNEIL; D.

17   ARGUILEZ,

18                                   Defendants.

19

20

21

22

23

24

Case No. 16-cv-01808-BAS-PCL

**ORDER:**

**(1)  GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS [ECF Nos. 16, 18]**

**(2)  DENYING MOTION TO APPOINT COUNSEL [ECF No. 13]**

**AND**

**(3)  DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)**

25       Plaintiff Tyrone Wallace, currently incarcerated at Richard J. Donovan

26   Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a

27   civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF. No. 1). Plaintiff did not prepay

28   the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead,

1

he filed two Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 16, 18). Plaintiff has also filed a Motion to Appoint Counsel (ECF No. 13).  Before the Court conducted the required *sua sponte* screening of his Complaint, Plaintiff filed a First Amended Complaint ("FAC") which is now the operative pleading (ECF No. 9).

## I.      Motions to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, ___ U.S. ___, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015). This obligation persists regardless of whether the prisoner's action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *see also Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report. *See* ECF No. 11. This statement indicates that Plaintiff had an available balance of zero at the time he filed this action.

Therefore, the Court GRANTS Plaintiff's Motions to Proceed IFP (ECF Nos. 16, 18) and declines to exact an initial partial filing fee. *See Bruce*, 136 S. Ct. at 629. The Court further directs the Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II.   Motion to Appoint Counsel

Plaintiff has also filed a Motion for Appointment of Counsel (ECF No. 13). Plaintiff claims that he has developmental disabilities, "bad handwriting," and a "low education."  (*Id.* at 1-4.)

Two preliminary points guide the Court's resolution of Plaintiff's Motion to Appoint Counsel. First, the Court finds Plaintiff's FAC sufficiently legible and notes that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Moreover, Federal Rule of Civil Procedure 8(e) requires that "[p]leadings …be construed so as to do justice."

Second, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1) district courts have limited discretion to "request" that an attorney represent an indigent civil litigant,

*see Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Under these circumstances, the Court must DENY Plaintiff's Motion to Appoint Counsel (ECF No. 13) without prejudice because, as discussed below, a liberal construction of his FAC suggests Plaintiff is capable of articulating the factual basis for his claims, and the likelihood of success on the merits is not at all yet clear at this preliminary stage of the proceedings. *Id.* Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.  Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.  Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

1   Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668
2   F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th
3   Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
4   applied in the context of failure to state a claim under Federal Rule of Civil Procedure
5   12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted
6   as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.
7   662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

8       Detailed factual allegations are not required, but "[t]hreadbare recitals of the
9   elements of a cause of action, supported by mere conclusory statements, do not suffice."
10  *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for
11  relief [is] ... a context-specific task that requires the reviewing court to draw on its
12  judicial experience and common sense." *Id.* The "mere possibility of misconduct" or
13  "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
14  this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969
15  (9th Cir. 2009).

16      Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the
17  Court may consider exhibits attached to his FAC. *See* Fed. R. Civ. P. 10(c) ("A copy of a
18  written instrument that is an exhibit to a pleading is a part of the pleading for all
19  purposes."); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d
20  1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*,
21  583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the
22  complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

23  **B.     Religious Claims**

24      Plaintiff claims that Defendants McNeil and Armendariz are violating his right to
25  practice his religion by changing his schedule for his prison job. (FAC at 9.) However,
26  Plaintiff provides very little in the way of factual allegations that would indicate how the
27  change in work hours have had any impact on the practice of his religion. Thus, to the

28

16cv1808

extent that Plaintiff is attempting to bring a claim under the First Amendment or RLUIPA, he fails to allege facts sufficient to state a claim.

In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that his belief is "sincerely held" and "rooted in religious belief." *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). In addition to First Amendment protections, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 et. seq., provides:

> No government shall impose a *substantial burden on the religious exercise* of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – [¶] (1) is in furtherance of a *compelling governmental interest*; and [¶] (2) is the *least restrictive means* of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added)*; see also San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1033-34 (9th Cir. 2004) ("RLUIPA . . . prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying the governmental interest.").

RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); *San Jose Christian College*, 360 F.3d at 1034. The party alleging a RLUIPA violation carries the initial burden of demonstrating that a governmental practice constitutes a substantial burden on his religious exercise. *See* 42 U.S.C. §§ 2000cc-1(a); 2000cc-2(b) ("[T]he plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion."). Here, Plaintiff's factual allegations are insufficient to state either a First Amendment or RLUIPA claim because he does not discuss the sincerity of his religious belief, the nature of the religious exercise, or the substantiality of any burden. Thus, the Court finds Plaintiff's religious

claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted.

### C.    Administrative Grievance Claims

Plaintiff also claims that RJD Appeals Coordinators have denied his First Amendment right to access the courts by "screening out" several CDC 602 inmate appeals.  (FAC at 11-12.)

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

 However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be

1  awarded as recompense but not otherwise available in some suit that may yet be
2  brought." *Id.* at 415.

3        Plaintiff's FAC fails to allege the "actual injury" required to state an access to
4  courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Thus, the Court
5  finds that Plaintiff's FAC fails to include any further "factual matter" to show how or
6  why any of the individual Defendants in *this* case caused him to suffer any "actual
7  prejudice" "such as the inability to meet a filing deadline or to present a claim," with
8  respect to another case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at
9  678.

10        Thus, because Plaintiff has failed to allege facts sufficient to show that Defendants
11  caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal
12  appeal, habeas petition, or civil rights action he may have filed, the Court finds Plaintiff's
13  access to courts claims must be dismissed for failing to state a plausible claim upon
14  which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1);
15  *Iqbal*, 556 U.S. at 678.

16        To the extent that Plaintiff alleges that his due process rights have been violated as
17  a result of the manner in which his grievances were processed, Plaintiff has failed to state
18  a Fourteenth Amendment claim.  While the Fourteenth Amendment provides that "[n]o
19  state shall . . . deprive any person of life, liberty, or property, without due process of
20  law," U.S. Const. amend. XIV, § 1, "[t]he requirements of procedural due process apply
21  only to the deprivation of interests encompassed by the Fourteenth Amendment's
22  protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).
23  State statutes and prison regulations may grant prisoners liberty or property interests
24  sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27
25  (1976). However, to state a procedural due process claim, Plaintiff must allege: "(1) a
26  liberty or property interest protected by the Constitution; (2) a deprivation of the interest
27  by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th
28  Cir. 2000).

1    The Ninth Circuit has held that inmates have no protected property interest in an

2    inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez v.*

3    *Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional

4    entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d

5    639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth

6    Amendment creates "no legitimate claim of entitlement to a [prison] grievance

7    procedure")). Even the non-existence of, or the failure of prison officials to properly

8    implement, an administrative appeals process within the prison system does not raise

9    constitutional concerns. *Mann*, 855 F.2d at 640; *see also Buckley v. Barlow*, 997 F.2d

10   494, 495 (8th Cir. 1993).

11       In addition, Plaintiff has failed to plead facts sufficient to show that Defendants

12   deprived him of a protected liberty interest by allegedly failing to respond to any

13   particular prison grievance in a satisfactory manner. While a liberty interest can arise

14   from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process

15   protections are implicated only if Plaintiff alleges facts to show that Defendants: (1)

16   restrained his freedom in a manner not expected from his sentence, and (2) "impose[d]

17   atypical and significant hardship on [him] in relation to the ordinary incidents of prison

18   life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff pleads no facts to

19   suggest how Defendants' allegedly inadequate review or failure to consider inmate

20   grievances restrained his freedom in any way, or subjected him to any "atypical" and

21   "significant hardship." *Id.* at 483-84.

22       Accordingly, Plaintiff's claims relating to the processing of his grievances must be

23   dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

24       **D.    Leave to Amend**

25       Because Plaintiff is proceeding without counsel, and has now been provided with

26   notice of his FAC's deficiencies, the Court will grant him leave to amend. *See Rosati v.*

27   *Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro

28   se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it

is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

**IV.    Conclusion and Order**

For the foregoing reasons, the Court:

1.      **GRANTS** Plaintiff's Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 16, 18).

2.      **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.      **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 13).

5.      **DISMISSES** this civil action for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6.      **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to re-open his case by filing an Amended Complaint which cures all the deficiencies of pleading described in this Order. If Plaintiff elects to file an Amended Complaint, it must be complete by itself without reference to his original pleading. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed without prejudice based on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

1          7.      The Clerk of Court is directed to mail Plaintiff a copy of a court approved

2    civil rights complaint form.

3          **IT IS SO ORDERED**.

4

5    **DATED:  October 21, 2016**

6

7    Hon. Cynthia Bashant
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16cv1808