UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WALLACE, CDCR #P-48941,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>R. OLIVARRIA; B. SELF; R. ARMENDARIZ; J. MCNEIL; D. ARGUILEZ,<br><br>　　　　　　　　　Defendants. | Case No. 16-cv-01808-BAS-PCL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 22]**<br><br>**AND**<br><br>**(2) DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |

Plaintiff Tyrone Wallace, a state prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case brought under 42 U.S.C. § 1983.

## I. Procedural History

On October 21, 2016, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), but simultaneously denied his Motion for Appointment of Counsel and dismissed his First Amended Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim.

(ECF No. 19). The Court provided Plaintiff with notice of his Complaint's pleading deficiencies and granted him 45 days leave in which to amend. (*Id.* at 10-11.)

On November 3, 2016, Plaintiff filed a Second Amended Complaint ("SAC") (ECF No. 20), and thereafter, a Motion to Appoint Counsel. (ECF No. 22).

## II. Motion for Appointment of Counsel

Plaintiff has renewed his request that the Court appoint him counsel due to his "bad handwriting," and a diagnosed "learning disability." (ECF No. 22 at 3-4.)

As the Court noted in its October 21, 2016 Order (ECF No. 19 at 3-4), all documents submitted by any pro se litigant, no matter how "inartfully pleaded" are held to "less stringent standards than those drafted by lawyers." *Id.* at 3 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But there is no constitutional right to counsel in a civil case; and nothing in Plaintiff's latest filings suggest the Court should exercise its limited discretion to request that an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1). *See Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To date, Plaintiff has filed a Complaint (ECF No. 1), a First Amended Complaint (ECF No. 9), a Second Amended Complaint (ECF No. 20), three Motions for Appointment of Counsel (ECF Nos. 3, 13, 22), and a Motion for Reconsideration (ECF No. 6), all of which contain factual allegations, legal arguments and exhibits in support. These pleadings together and alone demonstrate that while Plaintiff may not be trained in the law, he is capable of legibly articulating the facts and circumstances relevant to his access to courts claims, which are typical, straightforward, and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has not shown a likelihood of success on the merits. *Id.*

Therefore, Plaintiff's latest Motion for Appointment of Counsel (ECF No. 22) is DENIED.

## III. Screening of Second Amended Complaint

### A. Standard of Review

Because Plaintiff remains a prisoner and is proceeding IFP, his Second Amended Complaint (ECF No. 20) also requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Thus, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc*., 583 F.2d 426 (9th Cir. 1978).

### B. Religious Allegations

Once again, Plaintiff claims that Defendants McNeil and Armendariz are violating his right to practice his religion by changing his schedule for his prison job. (SAC at 3-4.) However, Plaintiff provides very little factual allegations that would indicate how the change in his work hours would have any impact on the practice of his religion. While Plaintiff indicates that his religious beliefs require him to "meditate day and night," there are no allegations that it has to be a specific time or

why the need to mediate would necessarily interfere with his ability to retain a prison job. Thus, to the extent that Plaintiff is attempting to bring a claim under the First Amendment or RLUIPA, he fails to allege facts sufficient to state a claim.

"The right to exercise religious practices and beliefs does not terminate at the prison door." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that his belief is "sincerely held" and "rooted in religious belief." *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)).

In addition to First Amendment protections, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq.*, provides:

> No government shall impose a *substantial burden on the religious exercise* of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – [¶] (1) is in furtherance of a *compelling governmental interest*; and [¶] (2) is the *least restrictive means* of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added)*; see also San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1033-34 (9th Cir. 2004) ("RLUIPA . . . prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying the governmental interest.").

RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); *San Jose Christian College*, 360 F.3d at 1034. The party alleging a RLUIPA violation carries the initial burden of demonstrating that a governmental practice constitutes a substantial burden on his religious exercise. *See* 42 U.S.C. §§ 2000cc-1(a); 2000cc-2(b) ("[T]he plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by

the claim substantially burdens the plaintiff's exercise of religion."). Here, Plaintiff's factual allegations are insufficient on which to base either a First Amendment or RLUIPA claim. Thus, the Court dismisses Plaintiff's religious claims for failing to state a claim upon which § 1983 relief can be granted.

### C. Access to Courts

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may

be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff's Second Amended Complaint still fails to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. He fails to allege any plausible facts to show that any of the Defendants he seeks to sue in this case caused him "actual prejudice with respect to … existing litigation." Plaintiff further fails to allege that any of Defendants' alleged failures to either properly log, screen, or process the CDC 602 appeals he either filed or attempted to file to challenge his housing status, rendered him unable to meet a filing deadline, or to present his state habeas claims. *Lewis*, 518 U.S. at 348.

Because the "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to any First Amendment access to courts claim, *Alvarez*, 518 F.3d at 1155 n.1 (quoting *Lewis*, 518 U.S. at 353), and Plaintiff has already been notified of this critical pleading deficiency as well as the deficiencies found in his religious claims, yet has failed to correct any of these claims, the Court DISMISSES this civil action sua sponte for failure to state a claim upon which relief may be granted, and without further leave to amend. *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

## IV. Conclusion and Order

For the foregoing reasons, the Court:

1) **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 22);

2) **DISMISSES** Plaintiff's Second Amended Complaint for failing state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

3) **DENIES** Plaintiff further leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an

1  abuse of discretion where further amendment would be futile); *Gonzalez*, 759 F.3d
2  at 1116 (district court's discretion in denying amendment is "particularly broad"
3  when it has previously granted leave to amend);

4      4)    **CERTIFIES** that an appeal of this final Order of dismissal would be
5  frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).
6  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558
7  F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on
8  appeal only if appeal would not be frivolous); and

9      5)    **DIRECTS** the Clerk of Court to terminate this civil action and close the
10 file.

11     **IT IS SO ORDERED**.

13 **DATED:  February 8, 2017**

                                                                               **Hon. Cynthia Bashant**
                                                                               **United States District Judge**